UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,

    Petitioner,

v.

DANIEL PARAMO,

    Respondent.[1]

Case No. 14-cv-02108-VC

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 18

    Condalee Morris is a state prisoner incarcerated at Salinas Valley State Prison. He has filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary action which took place at Salinas Valley and which resulted in the forfeiture of 150 days of good time credits. Respondent William Muniz has filed a motion to dismiss the petition as untimely, unexhausted and procedurally defaulted. The petition is dismissed as untimely, because Morris filed it several months after the federal one-year deadline expired, and there is no basis for statutory or equitable tolling.

## BACKGROUND

    On January 7, 2012, Morris received a Rules Violation Report. At a February 18, 2012 disciplinary hearing stemming from this report, the hearing officer found that Morris was guilty of battery on a peace officer, and assessed him 150 days of good time credits. Morris filed an administrative appeal, arguing the hearing officer violated Morris' due process rights by not allowing him to call witnesses or to make a statement. Morris' appeal was rejected at the Second

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Acting Warden William Muniz as Respondent because he is Petitioner's current custodian.

1  Level of Review as untimely. It was denied at the Third Level of Review for bypassing the
2  Second Level of Review. Morris resubmitted his appeal several times at the Second and Third
3  Levels of Review. Each time it was dismissed at the Second Level as untimely and at the Third
4  Level for bypassing the Second Level. It was denied for the last time at the Third Level on
5  September 6, 2012. On November 19, 2013, Morris signed a proof of service for a petition for
6  writ of habeas corpus in the California Supreme Court.[2] On February 11, 2014, the California
7  Supreme Court summarily denied the petition with a citation to *In re Dexter*, 25 Cal. 3d 921, 925-
8  26 (1979).[3] On March 20, 2014, Morris signed the proof of service for this federal petition. *See*
9  Dkt. 1-1 at 57.

## DISCUSSION

### I. Applicable Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Since then, petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The AEDPA limitation period also applies when a prisoner is challenging an administrative decision such as the revocation of good time credits. *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004).

---

[2] As a *pro se* prisoner, Morris receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

[3] The citation to *Dexter*, 25 Cal. 3d at 925-26 refers to the failure to exhaust administrative remedies.

Administrative decisions are not governed by section 2244(d)(1)(A) because the word "judgment" in that section refers to a judgment of conviction and sentence, and the phrase "direct review" refers to the direct appellate review of that judgment. *Redd*, 343 F.3d at 1081. Instead, administrative decisions are governed by section 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitations period to file a federal habeas petition will begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." For administrative appeals, the "factual predicate," which causes the limitations period to run, is the denial of a prisoner's administrative appeal. *Shelby*, 391 F.3d at 1066.

It is difficult to ascertain exactly when Morris' administrative appeal was denied. However, giving Morris the benefit of all of his administrative filings, the Court assumes it was the date of the third level response to his last administrative appeal, which was September 6, 2012. The statute of limitations began to run on the next day, September 7, 2012, and Morris was required to file his federal petition by September 7, 2013. Morris filed his federal petition on March 20, 2014, which exceeds the one-year limitations period by more than six months. Therefore, absent statutory or equitable tolling, the petition is untimely.

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." However, once the federal statute of limitations on a claim has run, statutory tolling is no longer available. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Because Morris filed his state petition on November 19, 2013, after the September 7, 2013 federal deadline had expired, statutory tolling does not apply.

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649; *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").

3

Morris argues that he was not required to file his federal petition by September 7, 2013 because he had filed an amended civil rights complaint on June 10, 2013, in *Morris v. Sandoval*, case number C 12-6132 LHK (PR). Morris refers to his Exhibit B, page 46, lines 14-28, the district court's July 15, 2013 order in his civil rights case, dismissing his claim for due process violations during his disciplinary hearing as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a ruling in his favor would imply the invalidity of the disciplinary judgment. The court stated that, if Morris wished to challenge the decision that resulted in the credit forfeiture, he must do so in a petition for a writ of habeas corpus. Ex. B., page 47.

It is unclear how Morris construes the dismissal of his civil rights claim as affecting the statute of limitations for his federal habeas petition. He seems to be arguing that the federal statute of limitations began to run on July 15, 2013, the day the district court dismissed his due process claim and, because his petition was filed on March 20, 2014, it was timely. However, Morris offers no authority for this argument, nor is the Court aware of any. The fact that Morris first filed a civil rights claim that was barred by *Heck v. Humphrey* does not constitute the extraordinary circumstances that would warrant equitable tolling of his federal petition. Nor does Morris argue that he was actually innocent. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (if failure to hear untimely constitutional claim would result in a miscarriage of justice, it may proceed); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("miscarriage of justice" exception limited to habeas petitioners who can show "a constitutional violation has probably resulted in the conviction of one who is actually innocent.").

Because Morris' petition was filed over six months after the federal deadline and he has not shown that statutory or equitable tolling apply or that he is actually innocent, his petition is untimely.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. The Court grants the motion to dismiss on the ground that the petition is untimely. The Court does not address Muniz's alternative arguments that the petition is unexhausted and procedurally defaulted.

2. The Court does not issue a certificate of appealability because jurists of reason would not find debatable whether the procedural ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Clerk of the Court will issue a separate judgment, terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated:  April 8, 2015

_____
VINCE CHHABRIA
United States District Judge