UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO,<br><br>　　　　Respondent. | Case No. 14-cv-02108-VC  (PR)<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER AND REAFFIRMING ORDER GRANTING MOTION TO DISMISS**<br><br>Dkt. No. 23 |

　　　　Petitioner Condalee Morris filed a *pro se* petition for a writ of habeas corpus challenging a prison rules violation hearing which resulted in the forfeiture of 150 days of good time credits. On April 8, 2015, the Court granted Respondent's motion to dismiss the petition as untimely and judgment was entered. On April 27, 2015, Morris filed a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). This motion is fully briefed and, for the reasons stated below, the Court grants the motion but affirms the order granting the motion to dismiss.

## LEGAL STANDARD

　　　　Rule 60(b) provides for relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Samish Indian Tribe v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* Mere dissatisfaction with the court's order or belief that the court is wrong in its decision is not adequate grounds for relief. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

## DISCUSSION

Morris moves for relief under Rule 60(b)(1), arguing that the Court was mistaken because it did not consider timeliness under 28 U.S.C. § 2244(d)(2). It was proper not to consider section 2244(d)(2) in the order of dismissal because Morris did not mention it in his opposition to the motion to dismiss. However, in the interests of justice, the Court addresses Morris' argument under Rule 60(b)(6), the catchall provision for equitable relief.

In the order of dismissal, the Court stated, "It is unclear how Morris construes the dismissal of his civil rights claim as affecting the statute of limitations for his federal habeas petition." Now, Morris explains that his federal civil rights claim tolled his federal petition by application of section 2244(d)(2).

Section 2244(d)(2) states:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(2) tolls the time during which a properly filed state habeas petition is pending in state court. It does not toll the time during which a federal civil rights claim is pending. Therefore, Morris' argument that his petition is timely under section 2244(d)(2) is wrong.

In the motion to dismiss, the Court stated, "Because Morris . . . has not shown that statutory or equitable tolling apply or that he is actually innocent, his petition is untimely." In his reply to his motion for relief from judgment, Morris argues that he is actually innocent, citing a June 11, 2014 Order in *Morris v. Sandoval*, No. C 12-6132 LHK (PR). In the interests of justice, the Court addresses this argument.

A federal court may hear the merits of untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32

(2013). The "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Knowles*, 541 F.3d 933, 936-38 (9th Cir. 2008) ("[t]he miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt"). A petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006).

In *Morris v. Sandoval*, case no. C 12-6132 LHK (PR), Morris asserted civil rights claims against the officers involved in a pepper spray incident. This incident was the subject of a rules violation hearing, which is the subject of the due process claim in this habeas petition. In the civil rights case, Judge Koh dismissed without prejudice Morris' due process claim because it was barred by *Heck v. Humphrey*. *See* case no. C 12-6132 LHK (PR), July 16, 2013 Order of Service, Dkt. No 11 at 2-3. Morris' excessive force claims were served. In the June 11, 2014 Order, Judge Koh denied, in part, the defendants' motion for summary judgment on the excessive force claims. The docket of case no. C 12-6132 LHK (PR) shows that the excessive force claims are still pending.

Judge Koh's June 11, 2014 Order addressing Morris' excessive force claims does not support Morris' argument that he was "actually innocent" of the due process claim, which was not litigated. It is arguable that, if Morris could show he was actually innocent of the rules violation, it would be a miscarriage of justice not to adjudicate the merits of his due process claim. However, at most, the order denying summary judgment shows that Morris raised a genuine issue of material fact on whether the defendants used excessive force by pepper spraying him which, in effect, shows he raised a genuine issue of material fact on whether he committed a rules violation. Raising a genuine issue of material fact does not support a showing of actual innocence, on any claim. For this reason, Morris' showing of actual innocence is insufficient to allow him to pass

3

through the *Schlup* gateway and have his otherwise time-barred due process claim heard on the merits.

## CONCLUSION

For the foregoing reasons, Morris' motion for relief from judgment or order under Rule 60(b) is granted.  Upon considering the new arguments Morris raises in his motion, the Court reaffirms its order granting the motion to dismiss.  This order terminates docket number 23.

**IT IS SO ORDERED**

Dated: July 14, 2015

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br>  Plaintiff,<br>  v.<br>DANIEL PARAMO,<br>  Defendant. | Case No.  14-cv-02108-VC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Condalee Morris ID: V-96203
Salinas Valley State Prison D-1-112
31625 Hwy 101
Soledad, CA 92960


Dated: July 14, 2015

Richard W. Wieking
Clerk, United States District Court


By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

5